ings. In theory of law, the truth of the testimony has been determined, whether given upon an inquest or upon a trial; and a rehearing is to be had, if at all, in the original action. See Krekeler v. Ritter, 62 N. Y. 372; Woodruff v. Johnstone, 61 Super. Ct. 348, 19 N. Y. Supp. 861; Ross v. Wood, 70 N. Y. 8; Smith v. Lowry, 1 Johns. Ch. 320; 23 Cyc. 1027. - Assuming, therefore, that the defendant has exhausted its relief at law, still this defense and counterclaim may not be made available, since the ground of relief is exclusively legal.

The demurrer is properly interposed to the second defense and counterclaim, for the agreement not to sue in this state offends against the rule that the parties cannot, by contract, oust the court of jurisdiction. Home Ins. Co. v. Morse, 20 Wall. (U. S.) 445, 22 L. Ed. 365; Hart v. Lauman, 29 Barb. 410, 419; Haggart v. Morgan, 5 N. Y. 422, 55 Am. Dec. 350; Greenh. Pub. Policy, p. 466, c. 4, rule 397. So far as this portion of the answer avers that a suit was brought in Russia, it presents no defense, since there is no allegation that the action is for the same cause and is pending. Moreover, it is quite apparent that the Russian court could not grant the relief sought by the plaintiffs—the discovery of assets here and their application to the payment of the judgment.

The matter alleged for a third defense and counterclaim is sufficient for the purpose of a defense, in that it attacks the plaintiffs' title to the judgment upon which the action is founded. As a counterclaim, it may be deemed insufficient; but, since the demurrer must necessarily be to the allegations generally, in the absence of a separation of the defense and counterclaim upon motion to correct the pleading, the sufficiency of the defense is an answer to the demurrer. Cuyler v. Trustees, 12 Wend. 165; Ross v. Duffy, 12 N. Y. St. Rep. 584.

Demurrer, upon the ground of insufficiency, sustained as to first and second defenses and counterclaims, but overruled as to third defense and counterclaim, with leave to defendant to amend upon payment of costs within 20 days.

Demurrer sustained as to first and second defenses and counterclaims, and overruled as to third defense and counterclaim, with leave to defendant to amend upon payment of costs within 20 days.

---

SLADE v. DELAWARE & H. CO.

(Supreme Court, Appellate Division, Third Department. November 13, 1907.)

1. JUDGMENT—FAILURE TO ANSWER IN TIME—OPENING DEFAULT—PROCEEDINGS.

Where the court made an oral order authorizing defendant, in default, to serve his answer within 10 days, though there was no application for the order or notice of motion and affidavits of the facts, and though plaintiff did not waive such requirements, a subsequent order requiring plaintiff to accept the answer served, based on defendant's right to serve an answer, was improper.

2. SAME.

A defendant who fails to answer in time is not entitled to an order opening the default on a summary determination of the grounds therefor

on statement of counsel, unless plaintiff waives the requirement of application, notice of motion, and affidavits of the facts.

Kellogg, J., dissenting.

Appeal from Special Term, Saratoga County.

Action by Frank W. Slade against the Delaware & Hudson Company. From an order requiring plaintiff to receive the answer, he appeals. Reversed.

The action is in ejectment. The complaint alleges that the defendant has unlawfully entered upon a portion of his land, and is occupying the same without right, and asks that it be ejected from the same. The land in question constitutes a right of way, which is occupied by the defendant for a trolley road in the town of Saratoga. A strip of land adjoining the land in controversy was purchased by the defendant of the plaintiff, and the land in question is included in a deed from the owner of land adjoining the same upon the other side from that upon which is situated the land deeded to the defendant by the plaintiff. An option was obtained by the defendant upon the land which was afterwards deeded by the plaintiff. When the deed was presented to plaintiff to sign under that option, it seems that it included this land, which was not, however, included in the option. This deed the plaintiff refused to sign. It is claimed by the defendant that the plaintiff stated that the land was owned by a Mrs. Hodges, who was the owner of adjoining land, and in whose deed to the plaintiff this place of land is included. The claim of the plaintiff, however, is that no such representation was made, but that the plaintiff refused to sign the deed upon the ground that this piece of land was not included in the option.

After the commencement of the action and the service of the complaint, the defendant defaulted in answering. There were some negotiations between the parties. Finally at a Trial Term, when the plaintiff insisted upon an inquest, some conversation was had before the judge, who put the case over the term, and authorized the defendant to serve his answer within 10 days. This authority was orally given, and was not entered upon the minutes of the court, or included in any order thereafter entered. The defendant tendered an answer within the 10 days, which was refused by the plaintiff, upon the ground that it was too late. Thereafter a motion was made to require the plaintiff to receive this answer. Upon this motion the facts hereinbefore stated appeared by affidavit, and an order was made that the plaintiff be required to receive the answer of the defendant which was served.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Stiles & Bradley (Fred B. Bradley, of counsel), for appellant.

Lewis E. Carr, for respondent.

SMITH, P. J. Whether or not the court might have made an order opening defendant's default without terms, no such order has been made. The order in fact made required the plaintiff to accept the defendant's answer, thus assuming a right to serve the same when it was tendered. This assumption, we think, was erroneously made. At the Trial Term, when the trial justice made the oral order, authorizing the defendant to serve his answer within 10 days, no application had been made therefor, no notice of motion served, and no affidavit stating facts upon which such an order could be made. Nor does it appear that the plaintiff in any way waived these requirements to the granting of an order relieving the defendant from its default.

Upon the claim of the defendant as to what representation was made when the original deed was offered to the plaintiff to sign, the plaintiff had the right to be heard upon affidavit in answer thereto. The matter could not be summarily determined upon the statement of counsel simply, unless the waiver by plaintiff's attorney of the formalities required in the making of motions for relief from default be clearly shown. We are of the opinion, therefore, that the defendant can only have relief upon a formal application to open his default, and that the order made should be reversed.

Order reversed, with $10 costs and disbursements, and motion denied, without costs. All concur, except KELLOGG, J., who dissents.